# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bricklayers and Allied Craftworkers Service Corporation, | Case No. 22-cv-2003 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| O'Hara Masonry, Inc., | |
| Defendant. | |

This matter came before the Court on the January 26, 2023 on Plaintiff's Motion for Entry of Default Judgment (ECF Document No. 9). Thomas C. Atmore of Martin & Squires, P.A., appeared as counsel for Plaintiff. There were no other appearances.

The Court, having reviewed the Complaint, the Clerk of Court's Entry of Default, the Declaration of Thomas C. Atmore in Support of Motion for Entry of Default Judgment, the Declaration of Tiara Coronado, Plaintiff's Memorandum of Law in Support of Motion for Entry of Default Judgment, and upon all files, records and proceedings herein, makes the following:

**I.   FINDINGS OF FACT**

1.   This action was brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") to compel compliance with fringe benefit reporting requirements and to collect any unpaid fringe benefit contributions due, together with other amounts as allowed by law.

1

2. Plaintiff Bricklayers and Allied Craftworkers Service Corporation, ("BAC Service Corp") is a Minnesota nonprofit corporation, serving in a fiduciary capacity as the servicing and collection agent for certain nonprofit, tax-exempt entities relating to the Bricklayers and Allied Craftworkers Trades and work performed within the geographical area of the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota/South Dakota (collectively, the "BAC Funds").

3. The BAC Funds are established to provide pension, health, training, and other benefits to individuals providing labor in the trades under the jurisdiction of the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota/South Dakota ("Local 1"), for employers who are bound to a Collective Bargaining Agreement, and also to the eligible dependents of those individuals.

4. The BAC Service Corporation is a fiduciary under ERISA as defined at 29 U.S.C. § 1002(21) and is expressly authorized to commence this action under 29 U.S.C. §1132(e)(1) and to collect, demand and enforce all employer obligations due, and owed, to the BAC Funds.

5. Defendant O'Hara Masonry, Inc. ("O'Hara") is a corporation existing under the laws of the State of South Dakota, having a registered address at 25580 472nd Avenue, Renner, SD 57055.

6. O'Hara is a signatory and bound to a Collective Bargaining Agreement, titled Agreement, with Local 1 ("CBA") effective May 1, 2020 through April 30, 2023. The CBA remains in effect.

7. Pursuant to the CBA, O'Hara is obligated to make certain employer contributions to the BAC Service Corp., as the servicing and collection agent for the BAC Funds, for all hours worked by O'Hara's employees in employment covered by the CBA.

8. Pursuant to the CBA and to the Bricklayers and Allied Craftworkers Service Corporation Policies and Procedures for Collection of Employer Contributions ("Collection Policy"), adopted by the Plaintiff and governing, among other things, the reporting and payment of employer contributions by signatory employers, each and every month O'Hara is required to submit to the Plaintiff's Third Party Administrator ("TPA") employer contribution Report Forms and to pay employer contributions for each hour of Covered Employment performed by O'Hara's employees. The Report Forms and employer contributions are due on or before the 15th day of the month following the month in which the work was performed. An employer who fails to timely report and pay employer contributions is referred to as "delinquent."

9. Pursuant the Collection Policy, as well as to 29 U.S.C. § 1132(g)(2)(C), if O'Hara failed to timely pay employer contributions, then, in addition to such contributions, O'Hara became obligated to pay statutory damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions.

10. Pursuant to the Collection Policy, as well as to 29 U.S.C. § 1132(g)(2)(D), O'Hara is obligated to pay all costs of collection, including reasonable attorney's fees and costs, incurred by Plaintiff in pursuing collection and in pursuing the present action.

3

11. O'Hara has breached its obligations under the CBA and ERISA by failing to submit monthly reports or make payment of contributions owed for work performed in the months of January 2022 through April 2022 and July 2022 through December 2022.

12. O'Hara has not fully paid all contributions due and owing for work performed as reported in the month of July 2021. The total amount due and owing for July 2021 to January 26, 2023, the date of the hearing on the Plaintiff's motion, is $373.38, including contributions due and owing of $303.10, interest from August 15, 2021 to January 26, 2023 in the amount of $35.14, and statutory damages equal to the interest amount, since it is greater than the 10% liquidated damages amount, of $35.14. Finally, O'Hara is responsible for the payment of interest on the unpaid employer contributions at the plan rate of eight percent (8%) per annum from August 15, 2021, through the date of payment. Through the date of this Order, interest in the amount of $36.92 is due and owing, with interest continuing to accrue at $0.067 per diem.

13. Plaintiff has made several written demands upon O'Hara seeking compliance with its obligations under the CBA and ERISA. O'Hara has failed and refused to respond to such demands or otherwise comply with its obligations.

14. On August 15, 2022, Plaintiff initiated the present action by filing the Complaint, which sought the following relief:

"**WHEREFORE**, Plaintiff respectfully requests that the Court order that judgment be entered against the Defendant as follows:

1. Ordering Defendant to immediately submit to the TPA all monthly reports required by the CBA.

4

    2.    Awarding to Plaintiff:

    A.    The sum of all the employer contributions due and owing as of the commencement of this action together with all employer contributions that become due during the pendency of this action;

    B.    Interest on the unpaid employer contributions from their due date until paid at the rate of 8% per annum;

    C.    Statutory damages in an amount equal to the greater of: 1) interest on the unpaid contributions at 8% per annum; or (ii) liquidated damages of ten percent (10%) of the unpaid contributions; plus,

    D.    Plaintiffs' reasonable attorney fees and costs incurred in this action.

    3.    Granting such other legal or equitable relief as the Court deems appropriate."

15.    O'Hara was served with the Summons and Complaint on August 19, 2022. O'Hara has failed to respond in any way to the Complaint. On October 14, 2022, the Clerk of Court entered an amended default against O'Hara.

16.    As noted above, under the Collections Policy and ERISA, delinquent employers are obligated to pay the attorney's fees and costs incurred by the BAC Service Corp. in pursuing collection and compliance with the CBA, including the fees and costs incurred in this action.

17. As of the date of the hearing on the motion for entry of default judgment, Plaintiff has incurred reasonable and necessary attorney's fees of $9,908.50 and reasonable and necessary costs of $461.00.

## II. CONCLUSIONS OF LAW

1. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e). Subject matter jurisdiction is also conferred by Section 301 of the LMRA, 29 U.S.C. §185, and also by 28 U.S.C. §1331. To the extent the court does not have original jurisdiction over any claim made herein, the court takes supplemental jurisdiction over any such claim pursuant to 28 U.S.C. §1367(a).

2. Venue of this action in this District is proper pursuant to 29 U.S.C. § 1132(e)(2) (§502(e)(2) of ERISA), as the BAC Funds are administered in this District. Defendant O'Hara is in default, and Plaintiff is entitled to the entry of default judgment against Defendant O'Hara under Rule 55(b)(2) of the Fed. R. Civ. P.

3. Pursuant to 29 U.S.C. § 1145, added to ERISA in 1980, every employer that is obligated to make contributions under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such agreement.

4. Pursuant to 29 U.S.C. § 1132(g)(2)(C) and the Collection Policy, if O'Hara failed to timely pay employer contributions, then, in addition to such contributions, O'Hara became obligated to pay statutory damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions.

5. Pursuant to 29 U.S.C. § 1132(g)(2), 29 U.S.C. §1145, the CBA, and the Collection Policy, O'Hara is required to pay and the Court shall, in addition to granting such legal or equitable relief it deems appropriate, award to Plaintiff the following:

    A.    The unpaid contributions;

    B.    Interest on the unpaid contributions from their due date at the rate of eight percent (8%) per annum, which is the rate provided under the Plan;

    C.    Statutory damages under 29 U.S.C. § 1132(g)(2)(C) in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions; and,

    D.    Reasonable attorney's fees and costs of this action.

6. In addition to the foregoing relief, pursuant to 29 U.S.C. § 1132(a)(3) Plaintiff is entitled to seek relief enjoining any act or practice which violates any provision of subchapter I of ERISA, and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of said subchapter or the terms of the Plan. Such relief includes an Order compelling O'Hara to submit delinquent reporting forms and make payment of all amounts due.

7. Under 29 U.S.C. § 1132(g)(2)(D) and the Collection Policy, Defendants are obligated to pay all costs of collection, including attorney's fees and costs, incurred by Plaintiff in pursuing compliance with fringe benefit reporting and payment obligations.

8. Plaintiff is entitled to a judgment requiring O'Hara to submit to Plaintiff all monthly contribution reports for work performed in the months of January 2022 through April 2022 and July 2022 through December 2022 and to make payment of all amounts due.

9. Plaintiff is entitled to judgment in the total amount of all fringe benefit contributions, plus the greater of liquidated damages or interest at 8% per annum on the contributions, plus interest at 8% per annum on the contributions, for all hours shown on the monthly reports for the months of January 2022 through April 2022 and July 2022 through December 2022, for which full payment is not made as ordered herein.

10. Plaintiff is entitled to judgment in the total amount of $373.38 relating to the unpaid contributions for the month of July 2021, plus interest at eight percent (8%) per annum on the unpaid employer contributions from the date of this Order through the date of payment.

11. Plaintiff is entitled to judgment in the amount of $10,369.50, for attorney's fees and costs incurred to the date of this order, and to a judgment for attorney's fees and costs incurred in this matter in the future.

## III. ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is **HEREBY ORDERED** that**:**

1. Plaintiff's Motion for Entry of Default Judgment (ECF Document No. 9) is granted.

2. O'Hara Masonry, Inc. is ordered and directed to submit to Plaintiff complete and accurate monthly fringe benefit report forms for work performed in the months of January 2022 through April 2022 and July 2022 through December 2022, and to make payment of all amounts due and owing to Plaintiff, within 14 days of the date of this Order.

3. Plaintiff is awarded the unpaid fringe benefit contributions shown to be due and owing on the monthly report forms required by paragraph 2 of this Order, plus interest on those fringe benefit contributions at the rate of eight percent (8%) as provided in the plan, and, further, plus the greater of liquidated damages of ten percent (10%) of the fringe benefit contributions owing or interest on the fringe benefit contributions owing at eight percent (8%) as provided in the plan.

4. Upon submission of the monthly report forms as ordered herein, if O'Hara fails to make payment of all amounts due and owing at the time of submission of the report, including all contributions, interest, the greater of liquidated damages or interest, and Plaintiff's legal fees and costs, Plaintiff's counsel may then serve and file an affidavit setting forth the amount of the unpaid contributions, the greater of liquidated damages or interest owing on the contributions, interest on the contributions, and setting forth the amount of the reasonable attorney fees and costs incurred since the date of this Order. The Court, upon review and approval of the affidavit, will then order amendment of the judgment to include such sums as may be due and owing without further hearing.

5. In addition to the other relief awarded herein, Plaintiff is awarded damages against O'Hara Masonry, Inc. in the amount of $373.38 relating to work performed in the month of July 2021, together with interest thereon at eight percent (8%) per annum until the date of payment.

6. Plaintiff is awarded its attorney's fees and costs incurred to date in the total amount of $ 10,369.50.

7.      Plaintiff's counsel shall forthwith mail a copy of this Order to the Defendant at its registered address by both first-class mail and certified mail, return receipt requested, which shall constitute due and proper service of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 17, 2023

*s/Katherine Menendez*
Katherine Menendez
United States District Judge