# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bricklayers and Allied Craftworkers Service Corporation, | Case No. 22-cv-2003 (KMM-TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| O'Hara Masonry, Inc., | |
| Defendant. | |

This matter came before the Court upon Plaintiff's Motion for a Finding of Contempt and Sanctions. [Dkt. No. 23.] The Court held a hearing on June 8, 2023. [Dkt. No. 34.] Thomas C. Atmore of Martin & Squires, P.A., appeared as counsel for Plaintiff. There were no other appearances.

## I. BACKGROUND

Plaintiff Bricklayers and Allied Craftworkers Service Corporation, as trustees for several multi-employer fringe benefit plans, filed this lawsuit in August 2022 under the Employee Retirement Income Security Act of 1974 ("ERISA"). [Compl. ¶¶ 1–4, Dkt. No. 1.] Plaintiff sought unpaid fringe benefit contribution payments from Defendant O'Hara Masonry, Inc. pursuant to the terms of a collective bargaining agreement. [*Id.* at ¶¶ 9–10.]

O'Hara Masonry is a South Dakota business corporation located in Renner, South Dakota. [Ex. C to Atmore Dec., Dkt. No. 31.] Michael O'Hara is the sole owner and officer of O'Hara Masonry and the company's registered agent. [*Id.*]

After O'Hara Masonry failed to respond to the Complaint, Bricklayers applied for an

entry of default, which it obtained in October 2022, and then moved this Court for default judgment in November 2022. [Dkt. Nos. 5, 8, 9.] The Court held a hearing on the motion on January 26, 2023. [Dkt. No. 18.] No representative for O'Hara Masonry attended. [*Id.*] The Court granted default judgment in an order dated February 17, 2023. [Default Judgment Order, Dkt. No. 19.]

As part of the February order, O'Hara Masonry was ordered to submit to Bricklayers complete and accurate monthly fringe benefit report forms for work performed in the months of January 2022 through April 2022, and July 2022 through December 2022, and to make payment for all amounts due to Bricklayers within 14 days of the order. [Default Judgment Order 8, Dkt. No. 19.] The Court also awarded Bricklayers the unpaid fringe benefit contributions shown to be due based on the monthly report forms required by the order. [*Id.*]

At no time has O'Hara Masonry or Mr. O'Hara participated in these proceedings. The Minehaha County Sheriff's Office in South Dakota personally served the Summons and Complaint in this case upon Mr. O'Hara on August 18, 2022. [Dkt. No. 4.] Bricklayers sent the papers relating to the Motion for Entry of Default Judgment through USPS first-class mail to O'Hara Masonry's registered address. [Dkt. No. 15.] Bricklayers also mailed the February order to O'Hara Masonry through certified mail with a return receipt requested. [Dkt. No. 21.] The Sheriff's Office also personally served the February order upon Mr. O'Hara on March 30, 2023. [Dkt. No. 22.] Subsequently, Bricklayers sent papers relating to the Motion for Finding of Contempt and Sanctions to O'Hara Masonry at its registered address through first class and certified mail. [Dkt. No. 33.]

## II. LEGAL STANDARD

Courts have authority to compel compliance with their orders through a finding of civil contempt and the imposition of sanctions for noncompliance. *See* 18 U.S.C. § 401; Fed. R. Civ. P. 70(e); *see also Chi. Truck Drivers v. Bhd. of Labor Leasing*, 207 F.3d 500, 505–07 (8th Cir. 2000). That authority permits a court in its discretion to "punish by fine or imprisonment, or both." 18 U.S.C. § 401. The objective of a court's contempt power is "to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers*, 207 F.3d at 504. Civil contempt may be used to coerce a party to comply with a court order, to compensate their opponent for losses, or both. *Id.* at 505. "A federal district court has 'broad discretion to design a remedy.'" *Allied Med. Training, LLC v. Knowledge2SaveLives, LLC*, File No. 19-cv-3067 (ECT/KMM), 2020 WL 6269196, at *2 (D. Minn. Oct. 26, 2020) (quoting *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 912 (D. Minn. 2007)).

Courts in this district routinely award sanctions and hold defendants in contempt for noncompliance with orders in ERISA collection cases. *E.g.*, *Schrunk v. J & T Servs., LLC*, No. 19-CV-1137-SRN-DTS, 2021 WL 778084, at *2 (D. Minn. Mar. 1, 2021) (finding defendant through its owner in contempt and imposing fine of $50 per day for noncompliance); *Reed v. A & A Stanley Const., Inc.*, No. CIV. 12-869 MJD/LIB, 2014 WL 6473426, at *1 (D. Minn. Nov. 18, 2014) (holding defendant and its owner in contempt of court and ordering imprisonment of owner).

A party moving for civil contempt bears the burden of proving by clear and convincing evidence that a court order was violated. *Chi. Truck Drivers*, 207 F.3d at 505

3

(citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)). The party must show "that (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order." *Schrunk*, 2021 WL 778084, at *3.

If the moving party satisfies this burden, then the burden shifts to the alleged contemnor to show an inability to comply with the order at issue. *Chi. Truck Drivers*, 207 F.3d at 505. To satisfy that burden, the alleged contemnor must show "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe*, 254 F.3d 728, 736 (8th Cir. 2001) (quoting *Chicago Truck Drivers*, 207 F.3d at 506)).

### III. DISCUSSION

Bricklayer's motion seeks a finding of contempt for both O'Hara Masonry and Mr. O'Hara, imposition of a daily fine of $100, and entry of an order requiring payment of attorney's fees and costs. Because each of these requests is, with one slight modification, supported by the facts and the law, Bricklayer's motion is granted.

**A. Contempt**

Bricklayers has met its burden in establishing that a court order was violated. First, a valid order existed. The Court entered the order on February 17, 2023. [Dkt. No. 9.] The Order, at paragraph 2, granted injunctive relief under ERISA, requiring O'Hara Masonry to provide to Bricklayers monthly hours reports as required by the applicable collective bargaining agreement for covered worked performed in the months of January 2022 through April 2022 and July 2022 through December 2022.

Second, O'Hara Masonry and Mr. O'Hara had knowledge of the order. The order was sent to O'Hara Masonry through certified mail and was also personally served upon Mr. O'Hara in South Dakota. [Dkt. Nos. 21, 22.] Both O'Hara Masonry and Mr. O'Hara had knowledge of the order.

Third, O'Hara Masonry and Mr. O'Hara disobeyed the order. The order clearly and specifically required O'Hara Masonry to provide monthly reports to Bricklayers, and O'Hara disobeyed the order. The reports and corresponding owed amounts were due on or before March 3, 2023. [Dkt. No. 19.] Although Bricklayers gave O'Hara Masonry additional time to comply with the order, it has not complied and has not provided any of the monthly reports to Bricklayers as required by the order.

In the Eighth Circuit, a company's sole owner or officer can be found in contempt for noncompliance with a court order even though the officer was not named or referenced in the prior orders. *Chi. Truck Drivers*, 207 F.3d at 507. This is because "a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Id.* Under Rule 65(d), an injunction is binding upon the parties and their "officers, agents, servants, employees, and attorneys." Here, the Court's order was binding upon Mr. O'Hara, as O'Hara Masonry's sole owner and officer and registered agent, and he had notice of the order through personal service. *See also Schrunk v. J & T Servs.*, LLC, No. 19-CV-1137 (SRN/DTS), 2020 WL 9171087, at *3 (D. Minn. Nov. 5, 2020), *report and recommendation adopted as modified*, No. 19-CV-1137-SRN-DTS, 2021 WL 778084 (D. Minn. Mar. 1, 2021) (finding defendant's sole officer to be in contempt because "despite being a non-party," he was "responsible for the contemptuous acts or omissions of the business")

(brackets omitted).

Accordingly, the Court finds that O'Hara Masonry and Mr. O'Hara knew of the Court's valid order dated February 17, 2023 and disobeyed it. Despite receiving the order through personal service, O'Hara Masonry and Mr. O'Hara failed to respond and failed to send the required monthly reports or payment due to Bricklayers. As O'Hara Masonry's sole owner and officer, Mr. O'Hara "was in a position to carry out acts" on behalf of O'Hara Masonry, *Chicago Truck Drivers*, 207 F.3d at 507, and is "responsible for the contemptuous acts" of O'Hara Masonry, *Schrunk*, 2020 WL 9171087, at *3.

Because Bricklayers met its burden to show that O'Hara Masonry and Mr. O'Hara are in contempt, the burden shifts to them to demonstrate that they were unable to comply with the Court's prior order, that their inability was not self-induced, and that in good faith, they made reasonable efforts to comply. Neither O'Hara Masonry nor Mr. O'Hara have met this burden. By failing to respond or appear, they have made no showing whatsoever with respect to an inability to comply with the order. Consequently, the Court has no basis to make a finding that O'Hara Masonry or Mr. O'Hara have an inability to comply with the Court's order requiring submission of the monthly reports. *See Edeh v. Carruthers*, Civil No. 10-2860 (RJK/JSM), 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (finding that where the defendant "made no appearance in connection with the [relevant court orders] and has had no communication with the Court or plaintiff, no evidence ha[d] been presented to establish any of the grounds for 'present inability' to comply"), R&R adopted by 2011 WL 4808191 (D. Minn. Oct. 11, 2011).

**B. Sanctions**

After having found O'Hara Masonry and Mr. O'Hara in contempt, the Court next turns to Bricklayers' request for sanctions.

A fine to coerce compliance with a court order is within the Court's contempt authority. 18 U.S.C. § 401; *Chi. Truck Drivers*, 207 F.3d at 505. The Court "has broad discretion to design a remedy that will bring about compliance." *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys.*, 369 F.3d 645, 657 (2d Cir. 2004)).

Bricklayers suggested the Court impose a fine of $100 per day for each day of non-compliance, starting on March 30, 2023 until such date as they submit all outstanding monthly reports and otherwise comply with the Court's February 17, 2023 order. The Court finds this suggested sanction to be disproportionate to the anticipated recovery at issue in this case. Instead, the Court orders O'Hara Masonry to pay $25 per day until the monthly reports are turned over. And the Court will begin that fine today. If this is not successful, the Court will consider a further request from Bricklayers to make Mr. O'Hara himself personally responsible for the fine.

The Court also finds that an award of attorney's fees and costs are appropriate as a compensatory sanction. Civil contempt sanctions, such as an award of attorney's fees, may be imposed to compensate a complainant for its losses that are caused by the contemnor's conduct. *Chi. Truck Drivers*, 207 F.3d at 505. The Court concludes that compensatory sanctions are appropriate. Bricklayers has expended resources on seeking O'Hara Masonry's compliance with the Default Judgment Order through its Motion for Contempt, its

successful efforts at personal service on Mr. O'Hara, and its counsel's attendance at the June 8, 2023 hearing. But for O'Hara Masonry and Mr. O'Hara's contempt, none of those steps would have been required. Accordingly, the Court awards Bricklayers its attorney's fees and costs incurred in pursuing its motion for contempt.

## IV.  ORDER

**Based on the foregoing,** IT IS HEREBY ORDERED that Plaintiff's Motion for a Finding of Contempt and Sanctions [Dkt. No. 23] is **GRANTED** as follows:

1. O'Hara Masonry shall pay a fine to the Court of $25 per day that it fails to comply with the Order dated February 17, 2023, from the date of this Order until such date it submits all missing monthly fringe benefit reports to Plaintiff and otherwise complies with the Order. The fine shall be due immediately and is payable to the Clerk of U.S. District Court, District of Minnesota. It is O'Hara Masonry's responsibility and obligation to make arrangements with the Clerk of Court for the payment of any amount that becomes due.

2. Plaintiff's counsel shall notify the Court promptly if and when O'Hara Masonry complies with the Order, after which the Court may conduct such further proceedings as it deems appropriate relating to this Order and the finding of contempt.

3. Plaintiff is awarded its attorney's fees and costs incurred in pursuing its motion and the related motion for an Order to Show Cause. O'Hara Masonry and Mr. O'Hara shall be jointly and severally responsible for the payment of such fees and costs. Within seven days from the date of this Order, Plaintiff's counsel

shall file and also serve upon O'Hara Masonry and Mr. O'Hara via mail a declaration setting out the amount of such fees and costs. O'Hara Masonry and Mr. O'Hara shall have fourteen days from the date of the filing of Plaintiff's counsel's declaration to file and serve any objection to the amount of fees and costs requested. If an objection is made, the Court will thereafter issue a separate order addressing the amount of fees and costs awarded. If no objection is made, O'Hara Masonry and Mr. O'Hara shall pay to Plaintiff the amount shown in Plaintiff's counsel's declaration within fourteen days from the date of the declaration.

4. Plaintiff shall serve this Order on O'Hara Masonry and Mr. O'Hara via mail addressed to O'Hara Masonry's registered office, attempt to personally serve this Order upon Mr. O'Hara, and file proof of such service with the Court.

5. **Mr. O'Hara is advised that he can quickly come into compliance with the Order by providing the required information.** Further noncompliance only serves to magnify the seriousness of this issue and the financial penalties at issue.

Date: July 18, 2023

*s/Katherine Menendez*
Katherine Menendez
United States District Judge