UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bricklayers and Allied Craftworkers
Service Corporation, a Minnesota nonprofit
corporation,

          Plaintiff,         Civil Action No. 22-cv-2003 (KMM-TNL)

vs.

O'Hara Masonry, Inc., a South Dakota
Business Corporation,

          Defendants.

## ORDER ON FURTHER SANCTIONS

This matter came on before the Court upon the motion of the Plaintiff for an order for further sanctions against Defendant O'Hara Masonry, Inc. ("O'Hara Masonry") and its sole owner and officer Michael J. O'Hara ("O'Hara") arising from their ongoing and continuing contempt of Court. Thomas C. Atmore, Esq., represented the Plaintiff.

Based upon all the files, records and proceedings herein, The Court makes the following Findings of Fact:

1.     O'Hara Masonry and Mr. O'Hara have made no apparent attempt to comply with this Court's February 17, 2023 Order (Doc. No. 19) nor this Court's July 18, 2023, Order (Doc. No. 35) and remain in contempt of Court.

2.     In the July 18, 2023 Order the Court expressly warned Mr. O'Hara that further noncompliance with the Court's orders could lead to further

sanctions.

3. In its July 18, 2023 Order the Court also awarded attorney's fees and costs to Plaintiff and against O'Hara Masonry and Mr. O'Hara, jointly and severally, to be paid within fourteen (14) days of the date of submission by Plaintiff of a declaration setting out the amount of fees and costs, absent objection. On July 21, 2023, Plaintiff's counsel filed and served a declaration setting out fees of $1,895.00. No objection was made to either the fee award or the dollar value.

4. The sanctions imposed in the July 18, 2023 Order have not served to compel Mr. O'Hara's compliance with the Court's orders. In fact, O'Hara Masonry and Mr. O'Hara have now violated the terms of the July 18, 2023 Order, as well as the Court's earlier Order.

5. Additional sanctions and considering the **possibility of incarceration** are appropriate, including an increased fine payable to the Court by O'Hara Masonry and Mr. O'Hara personally and the payment of all of Plaintiff's attorney's fees and costs incurred in pursuing this motion and compliance with the Court's July 18, 2023 Order.

Based upon the above findings of fact and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion is **GRANTED**.

2. O'Hara Masonry and Mr. O'Hara, jointly and severally, shall pay a fine to

    the Court of $25 per day for each day they continue to fail to comply with the February 17, 2023 Order. That fine began to accrue as to O'Hara Masonry starting from March 30, 2023, and it will continue to grow until such date as they submit all missing monthly fringe benefit reports to Plaintiff and otherwise comply with the Court's February 17, 2023 Order.  This fine will continue to accrue at the rate of $175 per week that O'Hara Masonry and Mr. O'Hara remain in contempt.  **Mr. O'Hara is now personally liable for the mounting fine moving forward.** O'Hara Masonry and Mr. O'Hara must make arrangements with the Clerk of Court for payment of the amount due into Court no later than seven (7) days from the date of this Order and continued payment of the daily amount due until such time as they fully comply with the Order.

3. Plaintiff is awarded its attorney's fees and costs incurred in pursuing its motion and compliance with the Court's July 18, 2023, Order.  O'Hara Masonry and Mr. O'Hara shall personally be jointly and severally responsible for the payment of such fees and costs. Within five days from the date of this Order, Plaintiff's counsel shall file and also serve upon O'Hara Masonry and Mr. O'Hara via U.S. Mail a declaration setting out the amount of such fees and costs.  O'Hara Masonry and Mr. O'Hara shall have five days from the date of the filing of Plaintiff's counsel's declaration to file and serve any objection to the amount of fees and costs requested. If an objection is made, the Court will thereafter issue a separate order addressing the amount of fees

and costs awarded. If no objection is made, O'Hara Masonry and Mr. O'Hara shall pay to Plaintiff the amount shown in Plaintiff's counsel's declaration within fourteen (14) days from the date of the declaration.

4. Plaintiff shall serve this Order on O'Hara Masonry and Mr. O'Hara via U.S. Mail addressed to O'Hara Masonry's registered office and also send this Order via U.S. Mail to O'Hara at his last known address, and shall file proof of such service with the Court.

5. **If Mr. O'Hara fails to fully and completely comply with the terms of this Order within thirty (30) days of the date of this Order, then, upon submission of a declaration by Plaintiff's counsel establishing such non-compliance, the Court will consider whether to direct the U.S. Marshal's Service to take Mr. O'Hara into custody and hold him until such time as he has purged the contempt.**

Date: June 17, 2024                           *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Court